## THE STATE v. O'BRIEN.

</div>

1. On the trial of an indictment for manslaughter, occasioned by an omission of duty on the part of a switch-tender on a railroad, whereby death ensued, it is not error in the court to refuse to charge, that the will of the defendant must concur in the omission, to constitute the crime.

2. A mere act of omission may be so criminal or culpable, as to be the subject of an indictment for manslaughter.

3. It was a question for the jury to determine in this case, whether the defendant was, or was not, guilty of negligence.

Indictment for manslaughter, and case certified.

The indictment was tried at the Essex Oyer and Terminer, and the defendant found guilty. Exceptions having been taken by the defendant to the charge of the court, the case was certified to this court for its advisory opinion, and was argued before the CHIEF JUSTICE, and Justices BEDLE and DALRIMPLE, by

*I. W. Scudder* and *T. N. McCarter*, for the defendant.

*C. Parker*, for the state.

The opinion of the court was delivered by

DALRIMPLE, J.   On the fifteenth day of November, 1865, the defendant was a switch-tender, in the employ of the New Jersey Railroad and Transportation Company. His duty was to adjust, and keep adjusted, the switches of the road at a certain point in the city of Newark, so that passenger trains running over the road would continue on the main track thereof, and pass thence to the city of Elizabeth. He failed to perform such duty, whereby a passenger train of cars, drawn by a locomotive engine, was unavoidably diverted from the main track to a side track, and thence thrown upon the ground. The cars were thrown upon each other with great force and violence, by means whereof one Henry Gardner, a passenger upon the train, was so injured that he died. The defendant was indicted for manslaughter, and convicted upon trial in the Essex Oyer and Terminer. He insisted, and in different forms, asked the court to charge the jury, that he could not legally be convicted, unless his will concurred in his omission of duty; the court refused so to charge. A rule to show cause why the verdict should not be set aside was granted, and the case certified into this court for its advisory opinion, as to whether there was any error in the charge of the court below, or in the refusal to charge, as requested.

The indictment was for the crime of manslaughter. If the defendant's omission of duty was wilful, or in other words, if his will concurred in his negligence, he was guilty of murder. Intent to take life, either by an act of omission or commission, distinguishes murder from manslaughter. In order to make out against the defendant the lesser offence of manslaughter, it was not necessary that it should appear that the act of omission was wilful or of purpose. The court was right in its refusal to charge as requested.

The only other question is, whether there is error in the charge delivered. The error complained of is, that the jury were instructed that a mere act of omission might be so criminal or culpable as to be the subject of an indictment for manslaughter. Such, we believe, is the prevailing current of authority. Professor Greenleaf, in the third volume of his work on evidence, § 129, in treating of homicide, says: "It may be laid down, that where one, by his negligence, has contributed to the death of another, he is responsible. The caution which the law requires in all these cases, is not the utmost degree which can possibly be used, but such reasonable care as is used in the like cases, and has been found, by long experience, to answer the end." Wharton, in his Treatise on Criminal Law, *p.* 382, says: "There are many cases in which death is the result of an occurrence, in itself unexpected, but which arose from negligence or inattention. How far in such cases the agent of such misfortune is to be held responsible, depends upon the inquiry, whether he was guilty of gross negligence at the time. Inferences of guilt are not to be drawn from remote causes, and the degree of caution requisite to bring the case within the limits of misadventure, must be proportioned to the probability of danger attending the act immediately conducive to the death." The propositions so well stated by the eminent writers referred to, we believe to be entirely sound, and are applicable to the case before us. The charge, in the respect complained of, was in accordance with them. It expressly states, that it was a question of fact for the jury to settle, whether the de-

fendant was or was not guilty of negligence; whether his conduct evinced under the circumstances such care and diligence as were proportionate to the danger to life impending The very definition of crime is an act omitted or committed in violation of public law. The defendant in this case omitted his duty under such circumstances as amounted to gross or culpable or criminal negligence. The court charged the jury, that if the defendant, at the time of the accident, was intending to do his duty, but in a moment of forgetfulness omitted something which any one of reasonable care would be likely to omit, he was not guilty. The verdict of guilty finds the question of fact involved in this proposition against the defendant, and convicts him of gross negligence. He owed a personal duty not only to his employers, but to the public. He was found to have been grossly negligent in the performance of that duty, whereby human life was sacrificed. His conviction was right, and the court below should be so advised.